**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MOURICE NEAL EL,

      Plaintiff,

v.

JEREMIAH S. RAY,

      Defendant.

Case No. 1:22-cv-522

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On September 9, 2022, Plaintiff Mourice Neal El, proceeding pro se, filed an application seeking to proceed *in forma pauperis* together with a tendered complaint against a single individual Defendant, identified as Sandusky County Court of Common Pleas Judge Jeremiah S. Ray.[1] By separate order filed herewith, the undersigned has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.   Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

---

[1] As more fully discussed below, this is the fourth lawsuit that Plaintiff has filed in this Court.

lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)); see also Hill, 630 F.3d at 470-71 ("dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (citations omitted).

**II. Background**

The undersigned takes judicial notice that, to date, Plaintiff has filed a total of four civil rights cases in the Southern District of Ohio, including the above-captioned case. In early July 2022, Plaintiff filed his first three cases. Upon initial screening, the Court transferred two of those cases to the Northern District of Ohio based upon a determination that venue did not lie in this district. See, e.g., Case No. 1:22-cv-385-MWM-KLL (transferred to Northern District of Ohio and re-opened as 3:22-1180-JGC due to improper

venue in the Southern District of Ohio); Case No. 1:22-cv-387-DRC-KLL (same, re-opened as 3:22-cv-1183-JRK). The transfer orders did not address any other issues, such as whether the complaints were otherwise legally frivolous under 28 U.S.C. § 1915(e)(2)(B). As of this date, both of the transferred cases await further review in the Northern District of Ohio.

In the third case filed by Plaintiff, Case No. 1:22-cv-394-MWM-SKB, the undersigned did not initially examine the issue of venue. Instead, on July 15, 2022, the undersigned filed a Report and Recommendation ("R&R") that recommended dismissal of Plaintiff's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state any viable claim and because the State of Ohio is absolutely immune from suit. In the alternative, the R&R recommended dismissal without prejudice under *Younger* abstention principles given the existence of related and ongoing state criminal proceedings. *See generally, Younger v. Harris*, 401 U.S. 37 (1971). In a Supplemental R&R filed in Case No. 1:22-cv-394-MWM-SKB, the undersigned further addressed the issue of improper venue but reiterated the recommendation that Plaintiff's complaint should be dismissed rather than transferred to the Northern District of Ohio.

The above-captioned case suffers from the same venue defect as Plaintiff's prior cases. In addition, the sole identified defendant in the instant case is a state court judge who is entitled to absolute judicial immunity. Plaintiff alleges that he was "brought up on indictment dated 6-17-2022 before Judge Jeremiah S. Ray." (Doc. 1-1 at 3, PageID 6). Plaintiff's allegations center around his disagreement with Judge Ray's denial of Plaintiff's pro se motions to dismiss the pending criminal charges for failing to register as a sex offender. (*Id.* at 5, PageID 8; Sandusky Court of Common Pleas Case No. 22CR448).

4

In the "relief" section of the complaint, Plaintiff states in part: "I want my sovereign citizenship with the name Mourice Neal El. And my demand granted of 100 trillion dollars." (*Id*. at 4, PageID 7). Plaintiff also seeks the grant of his "other demand's" [sic] in the three other cases that he has filed in this Court. (*Id.*)

### III. Analysis

#### A. Plaintiff's Complaint is Legally Frivolous

Plaintiff's complaint is subject to summary dismissal because it is legally frivolous under the screening standards of 28 U.S.C. § 1915(e)(2)(B). The sole named defendant is a state court judge who is presiding over ongoing criminal proceedings against Plaintiff in the Sandusky Court of Common Pleas, based upon a charge that Plaintiff violated state law by failing to register as a sex offender. Plaintiff's allegations against Judge Ray concern Plaintiff's disagreement with the Defendant's rulings in his ongoing criminal case. First and foremost, Plaintiff's complaint is subject to dismissal because the Defendant enjoys absolute judicial immunity from suit. The immunity offered judicial officers in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of...authority." *See Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam). Judges retain absolute immunity from liability as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Id.,* 502 U.S. at 11-12; *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir.2001).

#### B. Plaintiff's Venue Problem

In addition to the fact that the complaint is legally frivolous, the same defect in venue that the undersigned discussed in the supplemental R&R filed in Case No. 1:22-

cv-394 and that provided grounds for transfer of Case Nos. 1:22-cv-385-MWM-KLL and 1:22-cv-387-DRC-KLL exists in the above-captioned case. Plaintiff is a resident of Freemont, Ohio, which is located in Sandusky County. The events that form the basis of his complaint also are alleged to have occurred in a pending case in the Sandusky Court of Common Pleas, over which the sole named Defendant judicially presides. Sandusky County is physically located within the boundaries of the U.S. District Court for the Northern District of Ohio. *See also, generally*, 28 U.S.C. § 1391(b) (setting forth parameters of venue). In short, venue in this district is clearly improper, whereas venue in the Northern District of Ohio *may* be appropriate.

When a case is filed in the wrong division of a district court, the court either "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, Plaintiff's complaint should be dismissed rather than transferred to the Northern District of Ohio because it is wholly frivolous under the screening standards of 28 U.S.C. § 1915(e)(2)(B). In addition, it is apparent that the complaint concerns an ongoing state criminal proceeding against Plaintiff, for which *Younger* abstention would be appropriate even if the case were not wholly frivolous.

Because this case has been determined to be subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends dismissal rather than transfer under 28 U.S.C. § 1406(a).[2]

> "The statute explicitly contemplates dismissal unless otherwise warranted." *Peckio v. Shay,* 708 F. Supp. 75, 76 (S.D.N.Y.1989). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interests of justice require transfer

---

[2] For similar reasons, the undersigned has recommended dismissal rather than transfer of Plaintiff's third case. *See* Case No. 1:22-cv-394-MWM-SKB.

6

> instead of dismissal. *See, e.g., King v. Russell,* 963 F.2d 1301, 1305 (9th Cir.1992); *Hapaniewski v. Chicago Heights,* 684 F. Supp. 1011, 1013-14 (N.D.Ind.1988); *see also Shemonsky v. Office of Thrift Supervision Dep't of Treasury,* 733 F. Supp. 892, 895 (M.D.Pa.1990) (suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue); *Safeco Ins. Co. v. Miller,* 591 F. Supp. 590, 597 (D.Md.1984) (transfer would not serve the 'interest of justice' where the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli,* 472 F. Supp. 756, 763 (D.Haw.1979) (not in interests of justice to transfer case to California because case would simply be dismissed under statute of limitations); *Viaggio v. Field,* 177 F. Supp. 643, 645 (D. Md.1959) (not in the interests of justice to transfer case to Pennsylvania, since no hearing would be had on the merits there, and it would be an injustice to the defendant to require him to engage other and additional local counsel in Pennsylvania merely to plead the statute of limitations). *Cf. Passic v. State,* 98 F. Supp. 1015, 1016 (E.D. Mich.1951) (finding transfer of frivolous habeas petition not in the interests of justice). For the reasons stated below, transfer of Plaintiff's complaint is not in the interests of justice.

*Spivey v. Woodall*, 2008 WL 1994825, at *1 (W.D. Tenn. May 5, 2008).

This Court has previously dismissed frivolous cases rather than transferring them even when venue may be proper in another district. *See*, *e.g*., *Onuachi v. Master Builders, Inc*., Case No. 1:19-cv-358-SJD-SKB, 2019 WL 2210797, at *2 (S.D. Ohio May 22, 2019) (dismissing frivolous case for lack of federal jurisdiction rather than transferring it for improper venue). *Emrit v. Trump*, Case No. 1:19-cv-18-MRB-SKB, 2019 WL 140107, at *3 (S.D. Ohio Jan. 9, 2019) ("Although it would be more expedient for this Court to transfer Plaintiff's current complaint … the better course of action is to recommend dismissal at the outset rather than to burden another federal court with this frivolous action."). As in the referenced cases, the undersigned concludes that a transfer of this case to the Northern District would unnecessarily burden another federal court and therefore would be contrary to the interests of justice.

### C. Plaintiff's propensity to file frivolous cases in this district

Based upon the prior transfer of two cases on the basis of improper venue, Plaintiff should have been aware that venue in the Southern District of Ohio is lacking. Even if he could claim ignorance at the time he filed Case No. 1:22-cv-394, he was well-informed of the venue provision prior to filing the instant case. When pro se litigants repeatedly proceed *in forma pauperis* on frivolous claims, this Court has exercised its inherent powers to curb such abusive and vexatious practices. *See, e.g.*, *Emrit v. Trump*, *supra* (imposing pre-filing sanctions). Plaintiff herein has now filed four separate cases that appear to have no connection with this district, and over which venue in this district is clearly improper. Although Plaintiff's first two cases were immediately transferred to the Northern District of Ohio, the undersigned has recommended that the above-captioned case and Case No. 1:22-cv-394-MWM-SKB be dismissed. In order to minimize any future burden on scarce judicial resources, Plaintiff should be forewarned that if he continues to file frivolous cases over which venue is improper in this district, he risks the imposition of formal sanctions.

### IV. Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED HEREIN**:

1. This case should be dismissed because Plaintiff's sole claims against the only identified Defendant are barred by the doctrine of absolute judicial immunity, and because venue is improper;

2. As the above-captioned case constitutes the fourth case that Plaintiff has initiated in this Court over which venue is improper, he should be ordered to avoid filing any future cases in the absence of proper venue. Should Plaintiff persist in filing cases

in which venue is improper and/or that are legally frivolous under 28 U.S.C. §1915(e)(2)(B), the Court may seek to impose non-monetary sanctions to deter future abusive or vexatious conduct;

3. This Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

_s/Stephanie K. Bowman_____  
Stephanie K. Bowman  
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MOURICE NEAL EL,

       Plaintiff,

v.

JEREMIAH S. RAY,

       Defendant.

Case No. 1:22-cv-522

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).