IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mourice Neal El, | : | |
| | : | Case No. 1:22-cv-522 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Jeremiah S. Ray, | : | Recommendation |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff filed this case against the state court judge presiding over Plaintiff's criminal prosecution for failure to register as a sex offender seeking money damages, "sovereign citizenship," and judgment in his favor in several other cases. This is Plaintiff's fourth lawsuit concerning his pending state court prosecution. Plaintiff alleges that Defendant violated the Ohio and United States Constitutions when he denied Plaintiff's motion to dismiss the charges against him.

Magistrate Judge Stephanie K. Bowman issued a Report and Recommendation pursuant to the screening standards set forth in 28 U.S.C. § 1915(e)(2)(B) for complaints filed *in forma pauperis*. (Doc. 4.) She recommended dismissing the case as legally frivolous. (*Id.*) Plaintiff then timely filed Objections to the Report and Recommendation. (Doc. 5.)

A district judge must conduct a de novo review of a magistrate judge's recommendation on a dispositive motion pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). This Court has reviewed the Report and Recommendation, analyzed the arguments made in Plaintiff's Objections, and considered the relevant case law. The Court concludes that Plaintiff's Complaint is legally frivolous. Judges

have absolute immunity for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356–59 (1978). Denying a motion to dismiss is plainly a judicial act. *Id.* at 362 ("the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.")  While Plaintiff seeks in his objection to characterize his complaint as a "collateral attack," he is seeking money damages rather than the issuance of a writ or an injunction. *See Pulliam v. Allen*, 466 U.S. 522 (1984).  Furthermore, the Court lacks the authority to grant Plaintiff "American sovereign citizenship" or to enter judgment in his favor in cases before other judges, at least one of which has already been dismissed.

For the foregoing reasons, the Report and Recommendation (Doc. 4) is **ADOPTED**, Plaintiff's Objections (Doc. 5) are **OVERRULED**, and Plaintiff is **WARNED** that filing additional lawsuits in this District Court regarding matters that took place wholly in the Northern District of Ohio, after having been informed that venue is improper here in several prior cases, may result in sanctions.  The case is **DISMISSED WITH PREJUDICE**.  The Court **CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2022.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge